FORM B104 (08/07)                                                                                              2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Earl E. Gales, Jr.; Starla Gales; Robert L. Oppenheim; Lois J. Oppenheim | DEFENDANTS<br>John Emil Alle |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Law Office of Steven L. Bryson<br>11377 W. Olympic Blvd., #500<br>Los Angeles, CA 90064   (310) 477-4555 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection to Dischargeability of Debt -- 11 U.S.C. Sections 523(a)(2)(a) and 523(a)(4)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[2] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[1] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                 2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** John Emil Alle and Mary Reilly Alle ||| **BANKRUPTCY CASE NO.** 2:13-bk-38801SK |
| **DISTRICT IN WHICH CASE IS PENDING** Central || **DIVISIONAL OFFICE** Los Angeles | **NAME OF JUDGE** Sandra R. Klein |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** *[signature]* ||||
| **DATE** 3/7/14 ||| **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** Steven L. Bryson, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Steven L. Bryson, Esq.
LAW OFFICE OF STEVEN L. BRYSON
11377 W. Olympic Blvd., Ste. 500
Los Angeles, CA 90064
(310) 477-4555 – phone
(310) 473-4556 – fax
Office@SteveBryson.com
Bar #86014
Attorney for Plaintiffs

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

John Emil Alle and Mary Reilly Alle,

             Debtors

Earl E. Gales, Jr.; Starla Gales; Robert L. Oppenheim; Lois J. Oppenheim,

             Plaintiffs,

vs.

John Emil Alle,

             Defendant.

Case No.: 2:13-bk-38801-SK
Chapter 7

Adv. Case No:

COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

11 U.S.C. §523(a)(4) – Defalcation
11 U.S.C. §523(a)(2)(a) - Fraud
11 U.S.C. §523(a)(4) - Embezzlement

    COMES NOW, Plaintiffs Earl E. Gales, Jr., Starla Gales, Robert L. Oppenheim, and Lois J. Oppenheim (hereinafter collectively referred to as "Plaintiffs"), and who represent as follows:

///
///
///
///
///
///

Complaint Objecting to Dischargeability of Debt - 1

1. This is an adversary proceeding objecting to the dischargeability of a debt of the above-captioned Debtors brought in connection with the Debtors' Case No. 2:13-bk-38801-SK under Chapter 7 of Title 11 of the United States Code now pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division. This Court has jurisdiction over this adversary proceeding under Title 11 of the United States Code, Section 523, Bankruptcy Rules 4007 and 7001, and Title 28 of the United States Code Sections 157(b) and 1334. This adversary proceeding is a "core proceeding" as provided in Title 28 of the United States Code Section 157(b)(2)(I).

2. March 7, 2014 has been set by the Court as the deadline date for the filing of adversary complaints against the Debtors.

3. Plaintiffs Earl E. Gales, Jr. and Starla Gales (collectively "Gales") are husband and wife and are individuals residing in the State of California.

4. Plaintiffs Robert L. Oppenheim and Lois J. Oppenheim (collectively "Oppenheim") are husband and wife and are individuals residing in the State of California.

5. Defendant John Emil Alle (hereafter referred to as "Defendant") filed a joint petition with his spouse Mary Reilly Alle under Chapter 7 of the bankruptcy code in this Court on December 5, 2013, under Case No. 2:13-bk-38801-SK, and is currently a Chapter 7 debtor subject to the jurisdiction of this Court.

I

**PRELIMINARY FACTS**

6. On or about January 31, 2006, Plaintiffs and Defendant filed a Limited Liability Company called Shadow Mountain Properties, LLC (hereinafter referred to as "SMP") with the California Secretary of State. The purpose of SMP was to purchase, operate, and manage a 12-unit residential income property located at 73922 Shadow Mountain Drive, Palm Desert, CA 92260 (hereinafter referred to as the "Property.")

///

7. The operation of SMP was governed by a written Operating Agreement dated effective as of January 31, 2006, signed by both Plaintiffs and Defendant, that outlined, among other things, the duties and responsibilities of the partners to each other. Specifically, Defendant was named as the "Managing Member," with direct and sole responsibility for the management and operation of the Property.

8. Defendant arranged for SMP to purchase the Property from the Humiston Family Trust (hereinafter referred to as "Seller"), by grant deed dated December 9, 2005 for the sum of $1,600,000.00. Plaintiffs Gales and Plaintiffs Oppenheim each invested $400,000.00 for the acquisition of the Property. Seller took back a deed of trust dated January 31, 2006 in the amount of $800,000.00 for the balance of the purchase price.

9. On or about August 22, 2011, Defendant received a Declaration and Notice of Default dated August 22, 2011 notifying SMP of a breach of the mortgage. Defendant did not notify Plaintiffs of his receipt of this Notice.

10. On or about August 22, 2011, Defendant received a Notice of Default and Election to Sell Under Foreclosure pertaining to the Property dated August 15, 2011. Defendant did not notify Plaintiffs of his receipt of this Notice.

11. A foreclosure sale occurred on December 22, 2011 and a Trustee's Deed was issued to Seller on that date. As a result of this sale, the acquisition investment of both Plaintiffs Gales and Oppenheim, each in the amount of $400,000.00, was lost. Defendant did not notify Gales or Oppenheim of the pendency or the completion of this sale.

12. Until April 13, 2012, Defendant, through various communications and payments, acted as if SMP retained ownership of the Property.

///
///
///
///
///

II

## COUNT ONE – DEFALCATION

11 U.S.C. §523(a)(4)

13.   Plaintiffs herein restate and re-allege the allegations in Paragraphs 1-12 as though fully set forth hereat.

14.   Defendant, as Managing Member of SMP, was bound by both the written Operating Agreement of SMP, as well as California Statutory Law including California Corporations Code Sections 16404 and 17153, to act as a fiduciary to the Plaintiffs as members of SMP.

15.   Defendant, as Managing Member of SMP, was bound by both the written Operating Agreement in SMP, as well as California Statutory Law, including California Corporations Code Sections 16404 and 17153, and owed to Plaintiffs a fiduciary duty of loyalty and a fiduciary duty of care.

16.   The duty of loyalty owed by the Defendant included a duty to account for any property, profit, or benefit derived from the Property to the Plaintiffs.

17.   Defendant breached his fiduciary duty of loyalty to Plaintiffs by, among other things, failing to maintain, produce, account, and provide to Plaintiffs financial and other information concerning SMP on a timely basis, and, in many instances, without any reporting whatsoever, after demand was made therefor.

18.   The duty of due care owed by the Defendant included the duty to act in a fashion, consistent with good faith and fair dealing with Plaintiffs, by not engaging in practices that would undermine the business of SMP nor its principal asset.

19.   Defendant breached his fiduciary duty of due care to Plaintiffs by acting in a grossly negligent and/or reckless manner. Specifically, Defendant:

    a.   Failed to timely and properly file some Federal and State income tax returns for SMP and fully pay such taxes and/or penalties;

    b.   Failed to thoroughly account for profits and benefits related to the Property;

c.  Failed to pay property taxes incurred on the Property;

d.  Failed to maintain the Property in a marketable condition for rental;

e.  Failed to pay mortgage payments on a timely basis or at all to the lender of the Property, so that a foreclosure sale resulted in the loss of the Property; and

f.  Failed to disclose the existence of Default Notices and Notice of pending foreclosure sale to Plaintiffs, denying Plaintiffs the ability to take steps that would have prevented the foreclosure and avoided the loss of their investments.

20. As a result of Defendant's breach of fiduciary duty to Plaintiffs and each of them, Defendant committed a defalcation as to Plaintiffs and each of them, and Plaintiffs Gales and Oppenheim have each been damaged in the sum of at least $400,000.00.

### III
### COUNT TWO – FRAUD
### 11 U.S.C. §523(a)(2)(A)

21. Plaintiffs herein restate and re-allege the allegations in Paragraphs 1-20 as though fully set forth hereat.

22. Pursuant to the terms of the Operating Agreement for SMP, Defendant was responsible for complete management and operation of the Property.

23. The Defendant represented to Plaintiffs, as an inducement for their investment in SMP, that he was capable, that he had the skills, and that he had the integrity to manage and operate the Property for the benefit of Plaintiffs.

24. Based on the representations made by Defendant to Plaintiffs and each of them, Plaintiffs Gales and Oppenheim each gave Defendant the sum of $400,000.00, which represented their principal investment in SMP.

25.     Defendant represented to Plaintiffs that he was in the real estate business and working individually as a real estate broker; that he managed other investment properties, that he had a good reputation in the community for truthfulness and honesty and, based thereon, the Plaintiffs justifiably and reasonably relied on the representations of Defendant that he would operate and manage SMP for the benefit of all members. But for the Plaintiffs' reliance on the representations and standing of Defendant, they would not have invested in SMP.

26.     The representations of Defendant were false, and were known to be false by Defendant when his representations were first made. From the time the Property was acquired, Defendant consistently and persistently failed to comply with his responsibilities in the following respects:

    a.    Intentionally failed to pay property tax payments;

    b.    Failure to remain current with payments due to the Seller;

    c.    Failure to notify Plaintiffs of default and sale notices issued by the Seller;

    d.    Failure to cure the defaults noticed by the Seller;

    e.    Failure to properly account for disbursement of SMP income to Plaintiffs;

    f.    Failure to produce all required tax documents, including, but not limited to, accurate K-1 and other tax returns;

    g.    Failure to provide Plaintiffs with pertinent SMP information, after request, such as bank statements, leases, tenant registers with payment history, copies of rent and expense checks, bills and/or receipts;

    h.    Failure to maintain and to make available for inspection by Plaintiffs the books and records of SMP;

    i.    Failure to completely and timely make tax and government filings on behalf of SMP and its members;

j. Actively concealing important information regarding the status of SMP and of the Property, including Notices of Default and Notices of Trustee's Sale; and

k. Failing to inform Plaintiffs of the sale of the Property by foreclosure and actively concealing same months after the fact.

l. Failure to provide Plaintiffs with documents required by California Corporations Code Section 17058;

m. Actively misrepresenting and dissembling in his failure to perform his obligations;

n. Actively interfering with Plaintiffs' attempts to obtain documents and information that was being withheld from them by Defendant;

o. Actively withholding the identity of SMP's accountants; and

p. Actively concealing the sale of the Property through foreclosure by making payments and issuing information to Plaintiffs that indicated that the Property was still owned by SMP.

27. The Defendant knew his representations were false from the time he induced Plaintiffs to invest in SMP, and he did so with the intent to deceive both Plaintiffs Gales and Plaintiffs Oppenheim to invest in SMP.

28. As a direct result of the misrepresentations of Defendant, Plaintiff Gales and Plaintiff Oppenheim were each damaged in an amount of at least $400,000.00, representing their respective investments in SMP.

## IV

## COUNT THREE – EMBEZZLEMENT

11 U.S.C. §523(a)(4)

29. Plaintiffs herein restate and re-allege the allegations in Paragraphs 1-28 as though fully set forth hereat.

///

30. Defendant was obligated both by statute and by the written Operating Agreement entered into between him and Plaintiffs to properly account for all income derived from the Property for the benefit of SMP.

31. Defendant breached his obligation by intentionally diverting income from SMP to other non-SMP entities; specifically, Defendant diverted $11,610.39 of income from SMP to pay real estate taxes on another property not related to SMP. In addition, Defendant has not accounted for at least $116,830.00 that was to be paid as and for property taxes due on the SMP Property, and, based on information and belief, it is alleged that this non-paid tax money was also diverted by Defendant to other purposes that were non-related to SMP.

32. The intentional actions of Defendant in diverting these SMP funds to non-related properties and activities constituted an embezzlement of funds from Plaintiffs as members of SMP.

**WHEREFORE, Plaintiffs pray as follows:**

1. That the debt owed by Defendant to both Plaintiff Gales and Plaintiff Oppenheim be deemed non-dischargeable pursuant to 11 U.S.C. §523(a)(4), due to Defendant's defalcation while acting in a fiduciary capacity;

2. That the debt owed by Defendant to both Plaintiff Gales and Plaintiff Oppenheim be deemed non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), due to Defendant's actual fraud;

3. That the debt owed by Defendant to both Plaintiff Gales and Plaintiff Oppenheim be deemed non-dischargeable pursuant to 11 U.S.C. §523(a)(4), due to Defendant's embezzlement of funds from Plaintiffs;

///
///

Complaint Objecting to Dischargeability of Debt - 8

4. That the Court award attorneys fees and costs pursuant to the Operating Agreement signed by all parties; and

5. That the Court award such other and further relief as the Court deems just.

LAW OFFICE OF STEVEN L. BRYSON

Date: 3/7/14

_____
STEVEN L. BRYSON, ESQ.
Attorney for Plaintiffs
Earl E. Gales and Starla Gales
Robert L. Oppenheim and
Lois J. Oppenheim