Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501      Fax (323) 937-4503
e-mail: BCC4929@gmail.com
Linkedin Profile: http://www.linkedin.com/in/baruchcohen

*Attorneys For Debtor JOHN EMIL & MARY REILLY ALLE*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JOHN EMIL & MARY REILLY ALLE<br><br>Debtor | Case No. 2:13-bk-38801-SK<br>Before the Honorable Sandra Klein<br><br>Chapter 7<br><br>EVIDENTIARY OBJECTIONS TO DECLARATION OF ROBERT OPPENHEIM IN SUPPORT OF OPPOSITION OF JOHN EMIL & MARY REILLY ALLE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362<br><br>Date: May 14, 2014<br>Time: 8:30am<br>Place: Courtroom 1575<br>255 East Temple Street, Los Angeles, CA |

Debtor JOHN EMIL & MARY REILLY ALLE ("Debtors") hereby objects to the *Declaration of Robert Oppenheim* that is proferred in support of the Reply to the Opposition to the *Motion for Relief from the Automatic Stay under 11 U.S.C. § 362* ("Motion") filed by Earl E. Gales Jr., Starla Gales, Robert L. Oppenheim & Lois J. Oppenheim ("Movants").

DATED:    May 8, 2014        LAW OFFICE OF BARUCH C. COHEN
                                      A Professional Law Corporation


                                      By    /S/ Baruch C. Cohen
                                      Baruch C. Cohen, Esq.
                                      *Attorneys for Debtor JOHN EMIL & MARY REILLY ALLE*

1. <u>FEDERAL RULES OF EVIDENCE</u>

The following references in these objections are intended to incorporate the Federal Rules of Evidence respectively indicated below. The Federal Rules of Evidence are applicable herein by virtue of F.R.Bankr.P. 9017.

| | Objection | Evidence Rule |
|---|---|---|
| 1. | Irrelevant/Conclusory Statement | 402/403[1] |
| 2. | Hearsay | 802 |
| 3. | Double hearsay | 802, 805 |
| 4. | Assumes facts not in evidence | 104(b) |
| 5. | Lack of foundation | 602, 901[2] |
| 6. | Argument disguised as testimony | 402, 602[3] |
| 7. | Expert opinion (offered without foundation of expertise) | 702 |
| 8. | Best Evidence Rule/Misstates contents of document/Document speaks for itself (proof of content of a writing) | 1002, 1003, 1004 |
| 9. | Sham declaration | 402 |

---

[1] *Hollander v. American Cynamid Company*, 172 F.2d 192, 198 (2nd Cir. 1999) ("a court may strike portions of an affidavit that . . . make generalized conclusory statements.")

[2] Documents in support of or in opposition to summary judgment must be properly authenticated. *In re Citric Acid* litigation, 191 F.3d 1090, 1101 (9th Cir. 1999) ("to be considered documents must be authenticated by and attached to an affidavit . . . and the affiant must be a person through whom the exhibits could be admitted into evidence." [Citation omitted].)

[3] *Gill v. Tishman Construction (In re Santa Monica Beach Hotel)*, 209 B.R. 722, 727 (B.A.P. 9th Cir. 1997), citing, *Haymaker v. Greentree Consumer Discount Co.*, 166 B.R. 601, 607 (Bankr. W.D. Pa. 1994) ("indignant statements by . . . counsel . . . are not admissible evidence . . ."). *See also* Russell, *Bankruptcy Evidence Manual*, §101.1(6) (1998 Ed.) (counsel's arguments are not evidence).

1  2.  **GENERAL OBJECTIONS TO DECLARATION OF ROBERT OPPENHEIM**

Debtors objects to the new evidence and argument in Movant's Reply Brief & Declaration. Debtors requests that the Court strike the new evidence and argument in Movants' Reply Brief & Declaration. *Provenz v. Miller*, 102 F.3d 1478 (9th Cir.1996) (citation omitted).

A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief. *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D.Cal.2006) (sustaining an objection to new evidence in a plaintiff's reply); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D.Wash.2006) (granting a motion to strike information and expert opinions introduced for the first time on reply and allowing the opposing party to submit its own supplemental evidence responding to the reply evidence); *American Traffic Solutions, Inc. v. Redflex Traffic Sys. Inc.*, No. CV-08-2051-PHX-FJM, 2009 WL 775104, at *1 (D.Ariz. Mar.20, 2009) ("The remedy for dealing with new evidence first appearing in a reply is that we will not consider issues or evidence raised for the first time in plaintiff's reply."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond."). "The opposing party should not have to incur the cost and effort of additional filings-a motion for leave to file a sur-reply, and the sur-reply itself-because the movants deliberately, or more likely inadvertently, held back part of their case." *Gutierrez v. 78th Judicial Dist. Court*, No. 1:07-cv-1268, 2009 WL 1507415, at *1, (W.D.Mich. May 29, 2009).

///
///
///
///
///
///
///

3. **SPECIFIC OBJECTIONS TO DECLARATION OF ROBERT OPPENHEIM**

| | |
|---|---|
| 1.    Decl. 2: | Objections |
| "The Operating Agreement did not require him to pay other partners from his own savings." | Relevance. Lacks Foundation. Hearsay. Best Evidence Rule |
| 2.    Decl 4: | Objections |
| "Since the State Court lawsuit was filed, over $120,000.00 in legal fees have been incurred to the point where I thought settlement was reached.  I am unable to continue to incur these legal fees, and certainly am not able to re-do all the legal work that took place in State Court in the Bankruptcy proceeding newly filed by Mr. Alie." | Relevance. Lacks Foundation. Also misleading, as Mr. Oppenheim does not state that he paid any of the legal expenses or is the one responsible to pay them. |
| 3.    Decl. 5 | Objections |
| "The simple fact is that Mr. Alie actively avoided service, and the State Court Judge saw through these evasive activities." | Relevance. Lacks Foundation. Calls for a Legal Conclusion. Improper Opinion |

.

| | | |
|---|---|---|
| 1 | 4.  <u>Decl., 7j</u>: | <u>Objections</u> |
| 2 | "On November 20,2013 , Petitioner's | Settlement Communication |
| 3 | attorney, Phillip Allen, wrote to Movants' | |
| 4 | attorneys , "There is no need to meet or | |
| 5 | confer. If my clients' last offer is not | |
| 6 | accepted, Mr. Alie will be filing a | |
| 7 | Bankruptcy Petition no later than this Friday | |
| 8 | (Nov. 22). Because of this he has asked me to | |
| 9 | cease doing any additional work on the case | |
| 10 | other than possibly appearing on Friday to | |
| 11 | advise the court of the bankruptcy filing if | |
| 12 | the case is not resolved." | |
| 13 | | |
| 14 | 5.  <u>Decl. 9</u> | <u>Objections</u> |
| 15 | "I believe that Mr. Alie planned to file this | Relevance. Lacks Foundation. Calls for a |
| 16 | Bankruptcy while the other parties were | Legal Conclusion. Improper Opinion |
| 17 | negotiating the settlement in good faith. | |
| 18 | Ifurther believe that his is seeking to start the | |
| 19 | litigation anew in the Bankruptcy Court to | |
| 20 | drain me of the last of my retirement money. | |
| 21 | | |
| 22 | DATED:    May 8, 2014 | LAW OFFICE OF BARUCH C. COHEN, APLC |
| 23 | | |
| 24 | | By ___/S/ Baruch C. Cohen___ |
| 25 | | Baruch C. Cohen, Esq.<br>Attorney for *Debtor JOHN EMIL & MARY REILLY ALLE* |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| In re: JOHN EMIL & MARY REILLY ALLE | CHAPTER 7<br>CASE NUMBER 2:13-bk-38801-SK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4929 Wilshire Boulevard, Suite 940, Los Angeles, CA 90010

The foregoing document described EVIDENTIARY OBJECTIONS TO DECLARATION OF ROBERT OPPENHEIM IN SUPPORT OF OPPOSITION OF JOHN EMIL & MARY REILLY ALLE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 8, 2014 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Steven L. Bryson, slblaw1@aol.com

Baruch C. Cohen, bcc4929@gmail.com

II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served)**:**

On May 8, 2014 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Steven L. Bryson, 11377 W. Olympic Bl., Ste 500, Los Angeles, CA 90064

Honorable Sandra Klein, United States Bankruptcy Court, Central District of California, Edward R. Roybal Federal Building and Courthouse, Suite 1575, 255 E. Temple Street, Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| *Date* May 8, 2014<br>*Type Name* **BARUCH C. COHEN** | By    /S/ Baruch C. Cohen<br>By    /S/ Baruch C. Cohen |